IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| THOMAS J. PETERSEN, | Cause No. CV 14-09-H-DLC-RKS |
|---|---|
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Thomas Petersen moved to proceed in forma pauperis with this habeas action. Mr. Petersen is a state prisoner proceeding pro se.

Mr. Petersen has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

Mr. Petersen's petition, however, should be dismissed without prejudice. A Second Amended Judgment was entered against Mr. Petersen in the trial court on February 12, 2014. Judgment (Doc. 1-1) at 10. The petition refers to an attached document, labeled "Appellate," which lists various complaints about trial counsel's performance. "Appellate" (Doc. 1-2) at 1. All of the claims in Mr. Petersen's

1

document titled "Appellate" can be raised in the trial court in a petition for postconviction relief. Asked whether he filed a petition for postconviction relief in the trial court, Mr. Petersen responds that he is "thinking about it." Pet. at 3 ¶ 11.

Before he may proceed in federal court, Mr. Petersen must exhaust his state judicial remedies with respect to that claim by using the state's normal channels for original and appellate review. *See Rose v. Lundy*, 455 U.S. 509, 520 (1981) (providing "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). Because state remedies remain available to Mr. Petersen, and because none of the claims he presents in his federal petition have been fairly presented in the state courts, the petition is wholly unexhausted. It should be dismissed without prejudice. Mr. Petersen may file a federal habeas petition after he has properly exhausted his available state remedies. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Petersen's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. Mr. Petersen's petition should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Petersen may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Petersen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 27th day of February, 2014.

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

*/s/  Keith Strong*_____
Keith Strong
United States Magistrate Judge

*/s/  Keith Strong*_____
Keith Strong
United States Magistrate Judge